**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **SHAUNSAY GOWDY,** | ) | **CASE NO. 3:10CV1188** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **TERRY TIBBALS, Warden,** | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Shaunsay Gowdy's  Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1), and Amended Petition Under 28 U.S.C. § 2254 (ECF#13).   For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

detailed discussion of the facts.

Petitioner  was indicted by the January 2006 term of the Erie County, Ohio, Grand Jury on Complicity to Commit Felonious Assault Against a Peace Officer,  with a Firearm Specification;  Complicity  to  Commit  Felonious  Assault,  with  a  Firearm  Specification; Complicity  to  Commit  Intimidation  of  a  Witness;  Complicity  to  Commit  Retaliation; Complicity  to  Commit  Tampering  with  Evidence;  Complicity  to  Commit  Improperly Discharging a Firearm at, or into, a Habitation, with a Firearm Specification; Complicity to Commit Carrying a Concealed Weapon and Complicity to Commit the Offense of Having a Weapon Under Disability, with a Firearm Specification.  The trial court granted Petitioner's Ohio Criminal Rule 29 Motion for Judgment of Acquittal as to the count charging him with Complicity to Carrying a Concealed Weapon.   Following a trial,  the jury found Petitioner not guilty of Complicity to Commit Retaliation,  but found him guilty of all  the remaining counts.  The trial court then sentenced Petitioner on all of the convictions to a total of forty years of imprisonment.

On October 6, 2006,  Petitioner,  pro se,  filed a Notice of Appeal to the Ohio Court of Appeals for the Sixth District.  The State of Ohio filed a Motion to Dismiss the Appeal because Petitioner failed to file a timely appellant brief.  On May 14, 2007, the Court of Appeals granted the State's Motion to Dismiss Petitioner's Appeal.  On May 24, 2007, Petitioner,  pro se,  filed an Application to Reconsider pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure.  He also filed a Motion for the Appointment of Counsel. On  June  28,  2007,  the  Court  of  Appeals  granted  Petitioner's  Application  for Reconsideration,  and appointed him counsel.

On April 21, 2008, Petitioner, through counsel, filed  a  brief  in  support  of  his

2

reinstated Appeal.  On January 30, 2009,  the Court of Appeals denied the Appeal and

affirmed the trial court's judgment of conviction.  On March 12, 2009,  Petitioner filed a

Notice of Appeal to the Supreme Court of Ohio.  On June 3, 2009,  the Supreme Court

denied Petitioner leave to appeal and dismissed the Appeal as not involving any substantial

constitutional question.

Petitioner filed the instant Petition on May 27, 2010,  and an Amended Petition on

November 10, 2010,  asserting the following grounds for relief:

**GROUND ONE:**  Deprivation of Petitioner's Constitution [sic] Right to
Due Process of Law when the Trial Court permitted a conviction in his case
when there was clearly not sufficient evidence to do so. As a result the Trial
Court Abused its Discretion when overruling Petitioner's Motion to Acquit
pursuant to Ohio's Criminal Rule 29, again depriving him of his Constitutional
Right to Due Process of Law, Equal Protections Under the Law, and a Fair
Trial as defined by the United States Constitution, Fourth, Sixth and
Fourteenth Amendments.

**GROUND TWO:**  The Trial Court erred in sentencing Petitioner separately
on the felonious assault charges for reason(s) they were allied offenses of
similar import perpetrated and committed as defined by Ohio Revised Code
Section 2941.25; with one single animus and the identical course(s) of
conduct. This Claim also is inclusive of the merger of the felonious assault,
intimidation of a witness, and improperly discharging a firearm at or into a
habitation.

The Amended Petition made no substantive changes to the original.  Petitioner also filed

a Statement of Issues on May 27, 2010, (ECF #3),  asserting the following claims:

A. The evidence was insufficient to establish guilty [sic] beyond a reasonable
   doubt with respect to all of the complicity charges.

B. The evidence was insufficient to establish guilt beyond a reasonable
   doubt with respect to all of the charges of felonious assault.

C. The Trial Court erred in sentencing Petitioner separately as to the
   felonious assault charges for reason they were allied offenses of similar
   import perpetrated and committed with one single animus and identical
   courses of conduct.

3

D. The Trial Court erred in sentencing Petitioner separately as to the charges of felonious assault, intimidation of a witness, and improperly discharging a firearm at or into a habitation for the reason they were allied offenses of similar import perpetrated and committed with one single animus and identical courses of conduct.

E. The verdict of the Jury was Against the Manifest Weight of Evidence.

On July 28, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on May 4, 2012.  On June 11, 2012, Petitioner filed Response to Report and Recommendation of Magistrate Judge.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

4

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b) of the Rules Governing §2254 states:

> The judge must determine de novo any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation.

## ANALYSIS

In Ground One of the Petition, and Claims A, B, and E of the Statement of Issues, Petitioner asserts that the trial court permitted a conviction when there was insufficient evidence, the evidence was insufficient to establish guilt, and the jury verdict was against the manifest weight of the evidence.  Respondent contends that these claims are not cognizable on federal habeas review.   The Magistrate thoroughly addressed each of these claims and concluded that a claim that a conviction is against the manifest weight of the evidence is not cognizable in federal habeas corpus review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985); *Walker v. Timmerman-Cooper*, No. 1:05CV103, 2006 WL 3242101 (S.D. Ohio Oct. 5, 2006).

Manifest weight claims are derived from purely state law whereby the state appellate court sits as a "thirteenth juror and disagrees with fact finder's resolution of conflicting testimony" and finds that the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 389, 678 N.E.2d 541, 546-548 (1997)(superseded by state constitutional amendment on other grounds, *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), cert. denied 523 U.S. 1125 (1998)), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

The Court of Appeals for the Sixth District addressed Petitioner's claims that the evidence was insufficient to establish guilt, and denied the appeal.  The Court agrees with the Magistrate Judge's conclusion that a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), cert. denied, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

Petitioner contends that he was deprived of his constitutional rights when he was found guilty of complicity, and his co-defendant was acquitted.   In his Report and Recommendation, the Magistrate Judge points out that the Court of Appeals believed that Petitioner was merely alleging an error in the application of the state complicity statute.  The transcript shows that the Court of Appeals found R.C. 2923.03(B) states: "It is no defense to a charge under this section that no person with whom the accused was in complicity has been convicted as a principal offender."  The Magistrate Judge concluded, and the Court agrees, such a claim is not cognizable in federal habeas corpus review.

The Magistrate Judge also correctly points out that it is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005); see also *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (state courts are the final arbiters of state law).  Federal habeas relief does not lie for perceived errors of state law and a federal court may review a state prisoner's federal habeas corpus

6

petition only on the ground that his confinement violates the Constitution, law or treaties of the United States, and not "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475 (1991).

The Court agrees with the Magistrate Judge that Ground One, and Claims E, B, and E, are not cognizable in federal habeas corpus review.  Therefore, the Court need not review the merits of the claims.

In Ground Two, and Claims C and D, Petitioner asserts that the trial court erred in sentencing Petitioner separately on the felonious assault convictions because they were allied offenses of similar import.  Respondent contends that Petitioner has procedurally defaulted these claims because he failed to present them to the Supreme Court of Ohio.

The Magistrate Judge correctly points out that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The record shows that none of Petitioner's Propositions of Law, or his Memorandum in Support of Jurisdiction, mentioned sentencing errors or allied offenses of similar import before the Supreme Court of Ohio. Therefore,  Petitioner has procedurally defaulted his grounds for relief presented before this Court relating to sentencing issues because he failed to present them to the Supreme Court of Ohio.  Petitioner can escape this procedural bar if he presents cause to excuse his failure to present these claims to the Supreme Court of Ohio and prejudice arising therefrom, or that a fundamental miscarriage of justice will result from

7

failing to review the claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In his well-reasoned Report and Recommendation,  the Magistrate Judge determined that Petitioner asserts no basis of cause for failing to raise these claims, and no allegation of prejudice resulting therefrom.  Although Petitioner concludes in his Petition that a fundamental miscarriage of justice would result if these claims are not reviewed, he provides no detail as to this conclusion.  In his Response to Report and Recommendation of Magistrate Judge, Petitioner re-states that his offenses are allied offenses and they should qualify for sentencing merger.  However,  Petitioner fails to provide a reason to excuse his default.  Therefore, the Court finds that Petitioner has procedurally defaulted Ground Two and Claims C and D.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/Christopher A. Boyko
Date:6/21/2012                CHRISTOPHER A. BOYKO

8

United States District Judge